IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

RONNIE WASHINGTON,

                        Plaintiff,

    v.

BECKY MASS and
MIKE POLENSKA,

                        Defendants.

ORDER

09-cv-460-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      In this proposed civil action for injunctive and monetary relief brought pursuant to 42 U.S.C. § 1983, plaintiff Ronnie Washington alleges that defendants Becky Mass and Mike Polenska violated his federal and state constitutional rights when they wrongfully terminated him from his job as a janitor at the wood shop with Badger State Industries at the Fox Lake Correctional Institution because of his race.

      Now before the court is plaintiff's request for leave to proceed under the in forma pauperis statute. 28 U.S.C. § 1915. Plaintiff has made his initial partial payment in accordance with 28 U.S.C. § 1915. However, because plaintiff is a prisoner, I am required under the 1996 Prison Litigation Reform Act to screen his complaint and dismiss any claims that are legally frivolous, malicious, fail to state a claim upon which relief may be granted or

1

ask for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. §§ 1915 and 1915A. In addressing any pro se litigant's complaint, the court must read the allegations of the complaint generously. Haines v. Kerner, 404 U.S. 519, 521 (1972).

Plaintiff's factual allegations are quite simple and straightforward. Plaintiff Ronnie Washington is an inmate at Fox Lake Correctional Institution in Fox Lake, Wisconsin. He was employed as a janitor in the Badger State Industries wood shop at Fox Lake for three years before he was terminated for no reason. During his time at the wood shop, plaintiff's performance evaluation were always positive and there were never any disciplinary issues concerning his job.

When plaintiff began his job with Badger State Industries, four janitors were employed, two of whom were white. The other two were black. Eventually, this changed to three white janitors and one black janitor. Now there are only two white janitors. One of these janitors has less seniority than plaintiff. In addition, this employee has received the pay rate that plaintiff had sought for a number of years.

Plaintiff contends that defendants discriminated against him because of his race in violation of federal and state laws. As an initial matter, plaintiff's state law claim for employment discrimination arises under Wisconsin's Fair Employment Act, Wis. Stat. § 111.33. A plaintiff may not assert a claim under the Act in federal court or in any court for

that matter. Waid v. Merrill Area Public Schools, 91 F.3d 857, 865-66 (7th Cir. 1996); see also Humphrey v. Tharaldson Enterprises, Inc., 95 F.3d 624, 626 (7th Cir. 1996). "Wisconsin courts have held that the Fair Employment Act does not create a private right of action in court and that all claims under it must be brought with the Equal Rights Division or not at all." Waid, 91 F.3d. at 866 (citing Bachand v. Connecticut General Life Insurance Co., 101 Wis. 2d 617, 305 N.W.2d 149, 152 (Ct. App. 1981); Johnson v. Wisconsin Public Service Corp., 708 F. Supp. 969, 970 (E.D. Wis. 1987) (fair employment act does not create private right of action). Accordingly, I will deny plaintiff leave to proceed on his state law claim and dismiss this claim for failure to state a claim upon which relief may be granted.

With respect to plaintiff's federal claim, I understand plaintiff to be asserting that defendants illegally terminated him from his job as a janitor in the wood shop because of his race, in violation of his constitutional rights under the equal protection clause of the Fourteenth Amendment. A plaintiff asserting a violation under the equal protection clause of the Fourteenth Amendment must establish that a state actor both treated him differently from other similarly situated individuals and did so purposefully. DeWalt v. Carter, 224 F.3d 607, 618 (7th Cir. 2000). Even after incarceration, prisoners retain their right to equal protection of the laws, which entitles them to be treated the same as other like individuals. Ordinarily, different treatment is permissible so long as there is a rational basis for it, City

3

of Cleburne v. Cleburne Living Center, 473 U.S. 432, 440 (1985), but heightened scrutiny is required in certain situations, such as when the government discriminates on the basis of race. Johnson v. California, 543 U.S. 499, 507-08 (2005). At the pleading stage, it is sufficient if the plaintiff alleges that "discriminatory motives [led to] discriminatory treatment of him." Antonelli v. Sheehan, 81 F.3d 1422, 1433 (7th Cir. 1996). In his complaint, plaintiff alleges that he was fired because of his race because he was replaced by a white worker and Badger State Industries has slowly reduced the number of black janitors.

However, even construing his complaint liberally, I conclude that plaintiff's complaint fails to comply with Fed. R. Civ. P. 8, which requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." Part of the requirement of Rule 8 is to give each defendant notice of the claim. EEOC v. Concentra Health Services, Inc., 469 F.3d 773, 776 (7th Cir. 2007) ("[T]he complaint must describe the claim in sufficient detail to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."). Plaintiff's complaint contains two major problems. First, plaintiff fails to explain why defendant Mass and Polenska are responsible for the constitutional violation he is alleging. In other words, plaintiff has failed to allege any fact from which one can infer that defendants were personally involved in terminating him from his job at Badger State Industries. A plaintiff must show that each defendant either directly participated in the violation or knew about the conduct and facilitated it, approved it,

...

condoned it or turned a blind eye for fear of what he or she might see.  Morfin v. City of East Chicago, 349 F.3d 989, 1001 (7th Cir. 2003).

Second, plaintiff has failed to allege any specific actions or inactions attributable to Mass and Polenska that would allow the inference that they discriminated against him in particular because of his race.  The sole basis for his allegations of discrimination are that in the past three years Badger State Industries has reduced the number of black janitors it employees.  In order to proceed on his equal protection claim, plaintiff must identify who was responsible for these actions.  Perhaps the answer to these pleading problems are intertwined and defendants Mass and Polenska are the individuals responsible for terminating plaintiff from his job and hiring a less qualified white employee in his place. However, it is not reasonable to infer this from the allegations in plaintiff's complaint. Accordingly, I will allow plaintiff until September 4, 2009, to file an amended complaint that complies with Rule 8.  When drafting his amended complaint, plaintiff should ask himself whether someone reading the complaint would be able to answer the following questions with respect to each claim:

1. What are the facts that form the basis for plaintiff's claims?
2. What did each defendant do that makes him or her liable for violating plaintiff's rights?
3. How was plaintiff injured by a particular defendant's conduct?

Further, plaintiff should make clear what particular set of facts, actions or inactions by the defendants indicate that his termination was based on his race. If plaintiff submits an amended complaint, I will screen it pursuant to 28 U.S.C. 1915A.

Last, in his complaint plaintiff seeks monetary relief from defendants Mass and Polenska for actions taken in their official capacity. The Supreme Court has held that "neither a State nor its officials acting in their official capacities are 'persons'" who can be sued for monetary damages under § 1983. Will v. Michigan Department of State Police, 491 U.S. 58, 71 (1989). Under Will, plaintiff may sue only those individuals who were personally involved in the alleged constitutional violation for monetary damages. However, he may sue a state official acting in his or her official capacity for injunctive relief under § 1983. Id. Therefore, plaintiff may seek only injunctive relief against defendants Mass or Polenska for actions taken in their official capacity and may not pursue monetary damages against these defendants for actions taken in their official capacity.

ORDER

IT IS ORDERED that:

1. Plaintiff Ronnie Washington's claim that defendants Becky Mass and Mike Polenska illegally terminated him because of his race in violation of the equal protection clause of the Fourteenth Amendment is DISMISSED without prejudice for plaintiff's failure

6

to comply with Fed. R. Civ. P. 8. Plaintiff may have until September 4, 2009, to file an amended complaint that complies with Fed. R. Civ. P. 8. If plaintiff does not file an amended complaint by that date, the clerk of court is directed to close the case.

2. Plaintiff's state law claim against defendants Becky Mass and Mike Polenska is DISMISSED with prejudice for failure to state a claim upon which relief may be granted.

Entered this 20th day of August, 2009.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge

7